# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

TRE'VON MILLER/
LUHCHAUNCEY WILLIAMS                                                        PLAINTIFF

V.                                    4:18CV00737 JM

OFFICE OF CHILD SUPPORT ENFORCEMENT                                         DEFENDANT

## ORDER

Pending before this Court is the Plaintiff's Motion to Proceed *In Forma Pauperis* and Complaint. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or it fails to state a claim upon which relief can be granted. The decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process. *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994) (citing *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id*.

A complaint is frivolous where it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989). A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir. 1998), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

In this case, Plaintiff names the Office of Child Support Enforcement as the Defendant.

Plaintiff alleges:

> there had been a(n) weird occurrence in terms of the judiciality [sic] and payments pertaining to litigation present within this court (this occurrence has actually been reported to several institutions and has had statutes and regulations enumerated ensuing its reception. . . . .
>
> This said occurrence had apparently been reported and processed to/through an extremely well known institution. A well trusted and third party credit reporting bureau that I as well as many others seems to tend to for all of my/our credit information related needs. The only issue being the accuracy of the information present within what the defendant, The Office of Child Support Enforcement, had submitted to the trusted bureau. . . . I had been given the chance to receive downright fraudulently processed information about an account of mine, the account having been opened 2 years ago, had accrued more debt than I had anticipated accruing. The plaintiff, being me as well, had also have seemed to have had an issue with the validity of the results of an associated paternity test as well as my current parental rights (Trevon Miller 60DR-16-4683) 28 U.S.C 1331 , or the Office of Child Support Enforcement located at 322 S. Main St, suite 100 . The validity of the paternity testing appears to appear quite vague to many of my council and to be quite frank with you all, I'm to the point of being willing to provide currency [sic] for better answers

(Complaint, ECF No. 2).

"A pro se plaintiff must set forth enough factual allegations to 'nudge[ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). After reviewing Plaintiff's *pro se* Complaint, the Court finds that the Complaint should be, and hereby is, dismissed *sua sponte*. The Complaint is nonsensical and there is no basis for jurisdiction in this Court.

Additionally, the Office of Child Support Enforcement (OCSE) is a division within the Arkansas Department of Finance and Administration. A suit against a state agency is barred by Eleventh Amendment immunity. *See Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment); see also *Brown v. Arkansas Dep't of Human Servs.*, 452 Fed.Appx. 690, 693 (8th Cir. 2011) (unpublished) (plaintiff's § 1983 claims against state agency barred by Eleventh Amendment).

Plaintiff's Complaint is both frivolous and barred by Eleventh Amendment Immunity, therefore, the Complaint (Docket # 2) is dismissed with prejudice. The Motion to Proceed *In Forma* Pauperis (Docket # 1) is moot. The Clerk is directed to close the case.

IT IS SO ORDERED this 31st day of October, 2018.

_____
James M. Moody Jr.
United States District Judge